Douglas E. Watts, SBN 182274
**WATTS LAW OFFICES**
193 Blue Ravine Rd., Suite 100
Folsom, CA 95630
Telephone: (916) 673-9008
Facsimile: (916) 404-5031
E-mail: dwatts@wattslaw-norcal.com

Attorneys for Plaintiff NANCI WILLIAMS

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| NANCI WILLIAMS, | Case No. 3:18-cv-00881-JCS |
|---|---|
| Plaintiff, | **FIRST AMENDED COMPLAINT FOR DAMAGES:** |
| v. | 1) DISABILITY DISCRIMINATION; |
| | 2) AGE DISCRIMINATION; |
| | 3) FAILURE TO ENGAGE IN INTERACTIVE; PROCESS |
| | 4) FAILURE TO ACCOMMODATE; |
| | 5) RETALIATION; |
| UNITED AIRLINES, INC., UNITED CONTINENTAL HOLDINGS, INC.; and DOES 1 through 25, Inclusive, | 6) FAILURE TO PREVENT DISCRIMINATION AND RETALIATION; |
| | 7) WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY; |
| Defendants | 8) MEDICAL LEAVE DISCRIMINATION AND RETALIATION IN VIOLATION OF THE CALIFORNIA FAMILY RIGHTS ACT; and |
| | 9) UNLAWFUL BUSINESS PRACTICES |
| | **JURY TRIAL DEMANDED** *PUNITIVE DAMAGES REQUESTED* |

COMES NOW Plaintiff NANCI WILLIAMS (hereinafter "Plaintiff"), and for her First Amended Complaint alleges as follows:

## *PARTIES AND JURISDICTION*

1. Plaintiff is and at all relevant times was an individual and former employee of Defendants UNITED AIRLINES, INC. and UNITED CONTINENTAL HOLDINGS, INC. (hereinafter "Defendants") who currently resides in El Dorado County, California and

formerly resided in San Mateo County, California. Plaintiff's principal work facility was located at San Francisco Airport.

2. Plaintiff is informed and believes, and on that basis alleges, that Defendant UNITED AIRLINES, INC. is, and at all relevant times was, a corporation duly organized and existing under the laws of the State of Delaware and authorized to do business in the State of California and is doing business in the County of San Francisco, State of California.

3. Plaintiff is informed and believes, and on that basis alleges, that Defendant UNITED CONTINENTAL HOLDINGS, INC. is and at all relevant times was, a corporation duly organized and existing under the laws of the state of Delaware and is the holding company for UNITED AIRLINES, INC.

4. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as Does 1 through 25, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will amend its Complaint to allege the true names and capacities as they are ascertained. Plaintiff is informed and believes and thereon alleges that each of these fictitiously named Defendants are responsible in some manner for the occurrences herein alleged and that Plaintiff's damages as herein alleged were proximately caused by the acts and conduct of such Defendants.

5. Plaintiff is informed and believes and thereon alleges that each of the Defendants are the agent and/or employee of each of the remaining Defendants and that all Defendants has ratified and approved the acts of each of the remaining Defendants.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. Plaintiff filed a complaint for discrimination and violation of the Fair Employment and Housing Act (hereinafter "FEHA") with the Department of Fair

Employment & Housing on or about October 13, 2016. The Department issued a Notice to Complainant of Right to Sue on or about November 3, 2016. This Action was filed within the one year from the date of the notice as set forth in Government Code Section 12965(b).

7. In addition, Plaintiff followed the collective bargaining procedures and exhausted all administrative remedies and collective bargaining requirements therein.

## *PRELIMINARY ALLEGATIONS*

8. Plaintiff was hired by Defendants on or about May 27, 1990. By 2003, Plaintiff obtained the position of flight attendant. Until her termination from employment, Plaintiff had exhibited a strong work history and had never posed any personnel or disciplinary problems for her employer.

9. On or about March 13, 2003, while working as a flight attendant, Plaintiff was injured on a flight due to a drop-in altitude of the aircraft. Because of the incident, Plaintiff became disabled and was diagnosed and has been receiving treatment through present for fibromyalgia and chronic myofascial pain. Plaintiff received a determination that one hundred percent (100%) of the injuries were apportioned to the accident.

10. Plaintiff took an occupational medical leave until January 2007 and then returned to work until October 2008, when she took a voluntary furlough. The furloughs were extended until March of 2013, when Plaintiff returned to work as a flight attendant.

11. Unfortunately, her medical condition of fibromyalgia flared up and she became too sick to fly, so Plaintiff took medical leave on September 9, 2013. In January 2013, Plaintiff became a patient of Dr. Jacob Teitelbaum, M.D., who specialized in treating Plaintiff's conditions. Dr. Teitelbaum became Plaintiff's primary treating

physician who took care of Defendants' required Absence Certificates that Defendants required to be filled out and faxed to its internal medical department.

12. During the entire medical leave, United required Absence Certificates at various times that were not consistent. Dr. Teitelbaum would thoroughly fill them out and even attach an additional letter describing Plaintiff's condition and the fact recovery would be slow and aggravated by stress. As part of accommodating Plaintiff's medical condition and disability, she would need additional time off.

13. Defendants, instead of accommodating Plaintiff's disability and determining timing of leave in a manner which conforms to California law, Defendants used its Absence Certificate procedure to harass Plaintiff and cause undue stress during Plaintiff's leave. For example, if the treating doctor set a follow-up visit in two months which was noted to Defendants, Defendants would say that they needed an Absence Certificate in one month. Plaintiff would have to pay for an extra appointment just so the Certificate would be filled out even though no changes in condition were noted in such a short time period. Also, the diagnosis was of a permanent condition and not a temporary one. Thus, there was no need for monthly or even more frequent Absence Certificates. Defendants claimed they did not have a written policy but each individual medical reviewer has its own discretion in asking for Absence Certificates and as many of them as desired.

14. Additionally, Defendants made it difficult to communicate with the United Medical Department, keeping employees on unusually long waits on the phone and with the fax line having issues accepting faxes.

15. Defendants also refused to attempt to understand and accommodate Plaintiff's medical condition whether during work or leave. Plaintiff explained to the nurses her symptoms, their duration and their severity, but instead of maintaining

consistency of understanding or even making an attempt to understand Plaintiff's condition in order to provide accommodation, Defendants' representatives would unjustifiably keep asking for more and more paperwork from Plaintiff or her doctor.

**16.** When Plaintiff's Absence Certificate would be accepted, and the documentation deemed "sufficient," the correspondence would still state that Plaintiff had to complete another form (or her doctor had to do so) and in the middle of that form was the following language in bold: **"Failure to provide sufficient information to support your absence from work may result in the absence being deemed unauthorized.  This would be inconsistent with the Working Together Guidelines in regard to responsibility and dependability."**

17. This was happening routinely during Plaintiff's leave and Plaintiff had to spend inordinate amounts of time going to the doctor and filling out forms just so Defendants would not cancel the leave and terminate Plaintiff.  This was going on while Plaintiff was trying to heal and get back to work with limitations.

18. While still on leave, Plaintiff, using flight benefits for travel, and while not in the course and scope of employment, boarded a flight on December 3, 2015 with her husband for vacation travel.  Plaintiff and her husband argued, and the argument allegedly got physical resulting in the plane returning to the gate and Plaintiff and her husband being removed from the plane.

19. Defendants, upon learning of Plaintiff's domestic issue, decided to use this unfortunate, private incident to initiate a Performance Letter and discharge based upon the alleged inappropriate conduct onboard the aircraft and "violation of the Working Together Guidelines with respect to Honesty in this occurred while on a Medical Leave of Absence, purporting to be too ill to work as a flight attendant."

20.   Plaintiff met with her supervisor and explained the restrictions resulting from her disability and how those restrictions impacted her duties as a flight attendant, but not as a passenger on her way to a vacation.  Dr. Teitelbaum on March 24, 2016 wrote to Defendants and explained that "[a] complete and thorough review of the restrictions that were in effect from November 10, 2015 through December 20, 2015 would demonstrate that these restrictions would certainly not prohibit [Plaintiff] from travelling as a passenger.  Air travel as a passenger would not require [Plaintiff] to independently perform any of the daily tasks or work-related tasks that are listed below."

21.   On or about April 19, 2016, Plaintiff received a letter from Peter Haralabopoulos, Defendants' Director of Inflight Services, informing Plaintiff she was terminated as of that date.  While the correspondence discusses the argument while a passenger on a United flight, the letter also states the following: "Your conduct as stated above is also in violation of the Working Together Guidelines with respect to Honesty in that this occurred while you were on a medical leave of absence, purporting to be too ill to work as a flight attendant."

22.   The termination letter goes on to state the following: "With regard to the second charge, the restrictions listed on the RMD dated 2/4/16 are numerous.  In reading these restrictions, your engagement in a physical altercation is very clearly at odds with the listed restrictions.  While I am making my decision based on the first charge against you, I note that you have provided medical information to the Company which appears to be false.  This would provide a separate and independent justification for your discharge."

23.   Defendants terminated Plaintiff after going through the union procedures.  Plaintiff, as she was required to do, exhausted the union and collective bargaining remedies before filing a charge with the Department of Fair Employment & Housing.

### FIRST CAUSE OF ACTION
(Unlawful Medical and/or Disability Discrimination in Violation of FEHA, against all Defendants)

24. Plaintiff refers to and re-alleges Paragraphs 1 through 23 of this First Amended Complaint, and incorporates them by reference as though fully set forth at length herein.

25. This cause of action is brought pursuant to the California Fair Employment and Housing Act ("FEHA"), California Government Code Section 12900 et. seq., which prohibits discrimination based upon medical condition and/or disability during the course of employment and the termination of said employment. At all times mentioned in and relevant to this Complaint, Defendants regularly employed five (5) or more persons bringing Defendants within the provisions of Government Code Section 12900 et. seq. which prohibits discrimination based upon Plaintiff's medical condition, need for treatment, or disability.

26. As set forth above, Defendants discriminated against Plaintiff by failing to provide her with a reasonable accommodation, by treating her differently than other employees, by failing to engage in an interactive process to allow Plaintiff to keep her employment, by using Defendants' leave procedures to harass and discriminate against Plaintiff because of her medical condition of fibromyalgia and myofascial pain syndrome, which Plaintiff developed because of a workplace injury, and ultimately terminating her employment wherein Defendants clearly referenced her medical condition and/or disability as a ground for termination.

27. Defendants discriminated against Plaintiff by committing the things, acts and commissions herein alleged. In discriminating against Plaintiff on account of her medical condition and disability, Defendants violated Government Code Section 12900 including, but not limited to, Section 12940.

28. Plaintiff is informed and believes and thereupon alleges that the fictitious Defendants named as Does 1 through 25, inclusive, aided, abetted, incited, compelled, coerced or conspired to commit one or more of the acts alleged herein.

29. As a direct and proximate result of the conduct of Defendants and Does 1-25, and each of them, Plaintiff has suffered damages including, but not limited to, loss of income and benefits, emotional anguish and distress, humiliation, damage to her personal and professional reputations, exacerbation of physical disability, loss of income, loss of benefits and other special and general damages all in an amount to be shown and according to proof at trial.

30. As a further and proximate result of the conduct of Defendants and Does 1-25, and each of them, Plaintiff has also been damaged in that Plaintiff has suffered intangible losses of employment related opportunities as experience, promotions, pay raises, seniority, benefits and increased reputation. As a result of such conduct, Plaintiff has suffered damages in an amount to be shown and according to proof at trial.

31. In doing the things herein alleged, the conduct of the Defendants and Does 1-25, and each of them, was despicable and Defendants and Does 1-25, and each of them, acted towards Plaintiff with malice, fraud, oppression, and with a willful and conscious disregard of Plaintiff's rights. Defendants and Does 1-25, and each of them, ratified, authorized and condoned the conduct of each and every other Defendant and managing agent, entitling Plaintiff to an award of punitive damages and exemplary damages pursuant to California Civil Code Section 3294 and California Government Code Section 12940.

32. Pursuant to California Government Code, Plaintiff requests the award of attorneys' fees against Defendants, and each of them.

## SECOND CAUSE OF ACTION
(Unlawful Age Discrimination in Violation of FEHA, against all Defendants)

33. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 32 of this First Amended Complaint as though fully set forth herein.

34. California Government Code §12940(a) prohibits any employer from discriminating against a person in compensation or in the terms, conditions, or privileges of employment on the basis of that person's age.

35. At all times relevant to this action, Plaintiff was over the age of 40, was extremely knowledgeable and competent in performing the tasks associated with her job, was well-qualified for it, and was performing her assigned job duties satisfactorily, except for those duties Plaintiff was unable to perform due to her workplace injuries and limitations.

36. As set forth above, Defendants, in acting as they and their managing agents did in their treatment of Plaintiff, and in continually harassing Plaintiff, failing and refusing to act reasonably toward Plaintiff as she sought necessary treatment for her medical conditions, and by ultimately terminating Plaintiff, did indeed violate Government Code §12940(a).

37. As a direct, foreseeable, and proximate result of Defendant's discriminatory actions, Plaintiff has suffered and continues to suffer substantial losses in earnings and related employment benefits, as well as attorneys' fees, and has suffered and continues to suffer extreme emotional distress, humiliation, damage to her personal and professional reputations, all to her damage in an amount to be proven at trial.

38. The acts of Plaintiff's supervisors and Defendants' managing agents were committed maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff and terminating her employment in favor of a younger, less-expensive replacement, and were undertaken with an improper and evil motive amounting to

malice and in conscious disregard of Plaintiff's rights. Because the acts taken towards Plaintiff were carried out in a despicable, deliberate, cold, callous, and intentional manner in order to injure and damage Plaintiff, she is entitled to recover punitive damages in an amount according to proof.

### THIRD CAUSE OF ACTION
(Failure to Engage in the Interactive Process In Violation of FEHA, against all Defendants)

39. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 38 of this First Amended Complaint as though fully set forth herein.

40. Under the FEHA, California Government Code Section 12940(n) requires employers to engage in a good faith interactive process to determine if an effective accommodation could be developed for a disabled employee. As set forth above, Defendants and Does 1 through 25, and each of them, discriminated against Plaintiff by failing to engage in good faith interactive process to determine if effective accommodation could be developed for Plaintiff's medical conditions and disability, which would have either allowed her to structure leave better to heal or bring Plaintiff back to work with conditions that allowed Plaintiff to work.

41. Instead, as set forth above, Defendants used the leave process to harass Plaintiff and cause emotional distress. Defendants refused to learn about Plaintiff's medical conditions and disability, instead choosing to ignore them and deem Plaintiff a liar causing more harm and damage and ultimately resulting in termination.

42. As a direct and proximate result of the conduct of Defendants and Does 1-25, and each of them, Plaintiff has suffered damages including, but not limited to, loss of income and benefits, emotional anguish and distress, exacerbation of physical disability, loss of income, loss of benefits and other special and general damages all in an amount to be shown and according to proof at trial.

43. As a further and proximate result of the conduct of Defendants and Does 1-25, and each of them, Plaintiff has also been damaged in that Plaintiff has suffered intangible losses of employment related opportunities as experience, promotions, pay raises, seniority, benefits and increased reputation. As a result of such conduct, Plaintiff has suffered damages in an amount to be shown and according to proof at trial.

44. In doing the things herein alleged, the conduct of the Defendants and Does 1-25, and each of them, is despicable and Defendants and Does 1-25, and each of them, acted towards Plaintiff with malice, fraud, oppression, and with a willful and conscious disregard of Plaintiff's rights. Defendants and Does 1-25, and each of them, ratified, authorized and condoned the conduct of each and every other Defendants and managing agent, entitling Plaintiff to an award of punitive damages and exemplary damages pursuant to California Civil Code Section 3294 and California Government Code Section 12940.

45. Pursuant to California Government Code, Plaintiff requests the award of attorneys' fees against Defendants, and each of them.

### *FOURTH CAUSE OF ACTION*
(Failure to Accommodate In Violation of FEHA, against all Defendants)

46. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 45 of this First Amended Complaint as though fully set forth herein.

47. FEHA requires employers to "make reasonable accommodation for the known physical or mental disability of an applicant or employee" unless it would pose an undue hardship on the employer. The essential elements of a failure to accommodate claim are: (1) the Plaintiff has a disability covered by FEHA; (2) Plaintiff is a qualified individual; and (3) Employer failed to reasonably accommodate Plaintiff's disability.

-11-

**FIRST AMENDED COMPLAINT FOR DAMAGES – *WILLIAMS V. UNITED AIRLINES ET AL.* – CASE NO. 3:18-CV-00881-JCS**

48. As alleged above, at all times herein mentioned, Defendants and Does 1-25, and each of them failed to provide Plaintiff with reasonable accommodations relating to her disability.

49. As a direct and proximate result of the conduct of Defendants and Does 1-25, and each of them, Plaintiff has suffered damages including, but not limited to, loss of income and benefits, emotional anguish and distress, exacerbation of physical disability, loss of income, loss of benefits and other special and general damages all in an amount to be shown and according to proof at trial.

50. As a further and proximate result of the conduct of Defendants and Does 1-25, and each of them, Plaintiff has also been damaged in that Plaintiff has suffered intangible losses of employment related opportunities as experience, promotions, pay raises, seniority, benefits and increased reputation. As a result of such conduct, Plaintiff has suffered damages in an amount to be shown and according to proof at trial.

51. In doing the things herein alleged, the conduct of the Defendants and Does 1-25, and each of them, is despicable and Defendants and Does 1-25, and each of them, acted towards Plaintiff with malice, fraud, oppression, and with a willful and conscious disregard of Plaintiff's rights. Defendants and Does 1-25, and each of them, ratified, authorized and condoned the conduct of each and every other Defendants and managing agent, entitling Plaintiff to an award of punitive damages and exemplary damages pursuant to California Civil Code Section 3294 and California Government Code Section 12940.

52. Pursuant to California Government Code, Plaintiff requests the award of attorneys' fees against Defendants, and each of them.

/ / /

/ / /

### FIFTH CAUSE OF ACTION
(Retaliation In Violation of FEHA, against all Defendants)

53. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 52 of this First Amended Complaint as though fully set forth herein.

54. The FEHA forbids any employer from harassing, retaliating against, discharging, or otherwise discriminating against any person who opposed practices of discrimination, complained of discrimination or exercised a legal right.

55. As set forth above, Defendants and Does 1-25, and each of them, retaliated against Plaintiff for taking leave, for requesting that Defendants respect and honor her rights and requests for accommodation, as well as the nature of her medical conditions and disability.

56. As a direct and proximate result of the conduct of Defendants and Does 1-25, and each of them, Plaintiff has suffered damages including, but not limited to, loss of income and benefits, emotional anguish and distress, exacerbation of physical disability, loss of income, loss of benefits and other special and general damages all in an amount to be shown and according to proof at trial.

57. As a further and proximate result of the conduct of Defendants and Does 1-25, and each of them, Plaintiff has also been damaged in that Plaintiff has suffered intangible losses of employment related opportunities as experience, promotions, pay raises, seniority, benefits and increased reputation. As a result of such conduct, Plaintiff has suffered damages in an amount to be shown and according to proof at trial.

58. In doing the things herein alleged, the conduct of the Defendants and Does 1-25, and each of them, is despicable and Defendants and Does 1-25, and each of them, acted towards Plaintiff with malice, fraud, oppression, and with a willful and conscious disregard of Plaintiff's rights. Defendants and Does 1-25, and each of them, ratified, authorized and condoned the conduct of each and every other Defendants

and managing agent, entitling Plaintiff to an award of punitive damages and exemplary damages pursuant to California Civil Code Section 3294 and California Government Code Section 12940.

59. Pursuant to California Government Code, Plaintiff requests the award of attorneys' fees against Defendants, and each of them.

### SIXTH CAUSE OF ACTION
(Failure To Prevent Discrimination And Retaliation In Violation of FEHA, against all Defendants)

60. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 59 of this First Amended Complaint as though fully set forth herein.

61. Under the FEHA, Government Code §12940(k), there is an independent cause of action that Plaintiff can bring against Defendants for their failure to take reasonable steps to prevent disability/medical and age-based discrimination and retaliation from occurring.

62. In this case, Defendants had a purported anti-harassment, anti-retaliation, and complaint structure in place for its workforce that should have allowed Defendants to take action to ensure that the working environment for Plaintiff was not permeated with disability/medical and age-based discrimination and retaliation and/or to rid the environment of the unlawful harassment.  Defendants failed and refused to abide by their own internal policies in treating Plaintiff as described herein; thus, these Defendants did not fulfill their statutory duty to prevent discrimination and retaliation as is required under the FEHA.

63. As a proximate result of Defendants' conduct, Plaintiff has sustained and continues to sustain losses in earnings and other employment benefits.

64. As a proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.  Plaintiff also has incurred and

continues to incur legal expenses and attorneys fees.  Plaintiff is presently unaware of the precise amount of said expenses and fees and prays leave of court to amend this complaint when said amounts are more fully known.

65.     The acts of Plaintiff's supervisors and Defendants' managing agents were committed maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff and terminating her employment in favor of a younger, less-expensive replacement, and were undertaken with an improper and evil motive amounting to malice and in conscious disregard of Plaintiff's rights.  Because the acts taken towards Plaintiff were carried out in a despicable, deliberate, cold, callous, and intentional manner in order to injure and damage Plaintiff, she is entitled to recover punitive damages in an amount according to proof.

### *SEVENTH CAUSE OF ACTION*
(Wrongful Termination In Violation of Public Policy, against all Defendants)

66.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 65 of this First Amended Complaint as though fully set forth herein.

67.     As alleged above, the acts of Defendants and Does 1-25, and each of them, violated the public policy of the State of California, as expressed in the provisions of FEHA which forbid any employer to discharge, harass, retaliate, expel or otherwise discriminate against any person who opposes practices of discrimination, complained or discrimination, or is exercising lawful employment rights.  Defendants' conduct as alleged in this Complaint constitutes an unlawful employment practice in violation of public policy.

68.     FEHA, California Government Code section 12940, states: "It is unlawful employment practice…. (a) For an employer, because of …. physical disability….medical condition…..to refuse to hire or employ the person or to refuse to select the person for a training program leading to employment, or to bar or to

discharge the person from employment or a training program leading to employment, or to discriminate against the person in compensation or in terms, conditions or privileges of employment."

69. As alleged above, Defendants and Does 1-25, and each of them, violated public policy when they harassed Plaintiff during her leave creating requirements that caused distress and were unnecessary and beyond the scope of Defendants' right to require information related to medical leave, taking advantage of Plaintiff's disability and medical condition, disparate treatment, retaliation and ultimately terminating her employment.

70. As a direct and proximate result of the conduct of Defendants and Does 1-25, and each of them, Plaintiff has suffered damages including, but not limited to, loss of income and benefits, emotional anguish and distress, exacerbation of physical disability, loss of income, loss of benefits and other special and general damages all in an amount to be shown and according to proof at trial.

71. As a further and proximate result of the conduct of Defendants and Does 1-25, and each of them, Plaintiff has also been damaged in that Plaintiff has suffered intangible losses of employment related opportunities as experience, promotions, pay raises, seniority, benefits and increased reputation. As a result of such conduct, Plaintiff has suffered damages in an amount to be shown and according to proof at trial.

72. In doing the things herein alleged, the conduct of the Defendants and Does 1-25, and each of them, is despicable and Defendants and Does 1-25, and each of them, acted towards Plaintiff with malice, fraud, oppression, and with a willful and conscious disregard of Plaintiff's rights. Defendants and Does 1-25, and each of them, ratified, authorized and condoned the conduct of each and every other Defendants and managing agent, entitling Plaintiff to an award of punitive damages and

exemplary damages pursuant to California Civil Code Section 3294 and California Government Code Section 12940.

73.  Pursuant to California Government Code, Plaintiff requests the award of attorneys' fees against Defendants, and each of them.

### *EIGHTH CAUSE OF ACTION*
(Medical Leave Discrimination And Retaliation In Violation Of the California Family Rights Act, against all Defendants)

74.  Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 73 of this First Amended Complaint as though fully set forth herein.

75.  As set forth above, Defendants and Does 1-25, and each of them, violated Plaintiff's rights under the California Family Rights Act ("CFRA"), California Government Code Section 12945.2, by using the leave process to harass and discriminate against Plaintiff.  By requesting information above and beyond what is allowed by CFRA and retaliating against Plaintiff for using medical leave ultimately resulting in termination of employment.

76.  As a direct and proximate result of the conduct of Defendants and Does 1-25, and each of them, Plaintiff has suffered damages including, but not limited to, loss of income and benefits, emotional anguish and distress, exacerbation of physical disability, loss of income, loss of benefits and other special and general damages all in an amount to be shown and according to proof at trial.

77.  As a further and proximate result of the conduct of Defendants and Does 1-25, and each of them, Plaintiff has also been damaged in that Plaintiff has suffered intangible losses of employment related opportunities as experience, promotions, pay raises, seniority, benefits and increased reputation.  As a result of such conduct, Plaintiff has suffered damages in an amount to be shown and according to proof at trial.

78. In doing the things herein alleged, the conduct of the Defendants and Does 1-25, and each of them, is despicable and Defendants and Does 1-25, and each of them, acted towards Plaintiff with malice, fraud, oppression, and with a willful and conscious disregard of Plaintiff's rights. Defendants and Does 1-25, and each of them, ratified, authorized and condoned the conduct of each and every other Defendants and managing agent, entitling Plaintiff to an award of punitive damages and exemplary damages pursuant to California Civil Code Section 3294 and California Government Code Section 12940.

79. Pursuant to California Government Code, Plaintiff requests the award of attorneys' fees against Defendants, and each of them.

### NINTH CAUSE OF ACTION
[Unlawful Business Practices (Bus. & Prof. Code Section 17200)]

81. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 79 of this First Amended Complaint as though fully set forth herein.

82. Defendants terminated Plaintiff by fabricating an excuse to justify termination and misrepresenting Plaintiff's medical condition and disability and grounds for leave so that Defendants would not have to accommodate Plaintiff and in retaliation for her exercising her legal rights under the law.

83. Defendants' violation of Business and Professions Code Section 17200 constitutes an unlawful and unfair business practice because it was done systematically and in an effort to cut business costs by ridding itself of Plaintiff, an employee who would otherwise have to be accommodated.

84. For the years preceding the action and for the wrongful termination, Plaintiff has suffered damages and requests restitution of all monies and profits to be disgorged from Defendants in an amount according to proof at the time of trial.

## *PRAYER FOR RELIEF*

Wherefore, Plaintiff prays for judgment against Defendants, and each of them as follows:

1. For economic damages in an amount according to proof;
2. For punitive damages;
3. For general damages in an amount according to proof;
4. For costs of suit, including but not limited to reasonable attorneys' fees;
5. For prejudgment interest in an amount according to proof;
6. For such other and further relief as the court may deem proper.
7. <u>Plaintiff demands a trial by jury.</u>

Dated: April 11, 2018                **WATTS LAW OFFICES**

/s/ Douglas E. Watts
By:_____
Douglas E. Watts, Esq.
Attorneys for Plaintiff